IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:25-CR-40-CWR-ASH |
| **ANTHONY CHARLES WILSON**, | |
| *Defendant*. | |

# ORDER

A federal grand jury has charged Anthony Charles Wilson with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Now before the Court is Mr. Wilson's motion to dismiss. Docket No. 21. He says the indictment violates his Constitutional rights.

Mr. Wilson's brief acknowledges that some of his legal arguments are foreclosed by Fifth Circuit precedent. *E.g.*, *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996). For the following reasons, the Court finds that his as-applied and facial challenges under the Second Amendment must also be denied.

"[L]egislatures have the power to prohibit dangerous people from possessing guns." *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting). The Fifth Circuit agrees. *See United States v. Davis*, No. 24-20258, 2025 WL 958265, at *2 & n.2 (5th Cir. Mar. 31, 2025).

Applied here, because Mr. Wilson has felony convictions for strong armed robbery, aggravated assault with a deadly weapon, attempted rape, and armed robbery, he is considered dangerous. That means he could be disarmed in compliance with the Constitution. *Id.* It follows that the government can seek to incarcerate him for possessing a

firearm after a felony conviction without infringing upon his Second Amendment rights. This finding, in turn, requires dismissal of Mr. Wilson's facial challenge. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024).

The motion is denied, and Mr. Wilson's arguments preserved for further review.

**SO ORDERED**, this the 15th day of April, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
